# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN D. KINDRICK, ) | |
| Movant, ) | |
| vs. ) | Civil No. 4:12-CV-01501-FJG |
| ) | Crim. No. 4:09-CR-00331-FJG-1 |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## ORDER

Currently pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 1). The Court finds that it has jurisdiction over this matter.

## I. BACKGROUND

Following a plea agreement, the movant pled guilty to possession of child pornography in violation of 18 U.S.C. §2252(a)(4). The movant was sentenced to 240 months imprisonment. Movant timely appealed his sentence to the Eighth Circuit, and on October 21, 2011, the Eighth Circuit entered a final judgment granting the prosecution's motion to dismiss because the claims raised were waived by the plea agreement. Movant has now filed the present motion.

Movant asserts four grounds in his motion. Movant asserts ineffective assistance of counsel, asserting that his counsel failed to turn over discovery in a timely manner so that he may file a §2255 motion. Movant asserts that the prosecution failed to show a jurisdictional nexus between his conduct and interstate or foreign commerce. Movant asserts that the government failed to prove or link images to the Internet. Movant asserts that the government enhanced his sentencing based on non-Shepard approved documents.

## II. STANDARD

To establish a claim for relief based upon ineffective assistance of counsel, the movant must satisfy the Strickland standard by establishing that (1) his counsel's

performance "fell below an objective standard of reasonableness," and (2) that the deficient conduct prejudiced his defense. U.S. v. Davis, 406 F.3d 505, 508 (8th Cir. 2005), cert. denied, 546 U.S. 1117 (2006)(quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). In determining whether counsel's conduct was objectionably reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. In determining prejudice, the individual must show that there is a reasonable probability that but for counsel's unprofessional errors; the result of the proceeding would have been different. Id. at 509. Defendants have a constitutional right to effective assistance of counsel with respect to plea offers that lapse or are rejected. Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013)(citing Lafler v. Cooper, 566 U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and Missouri v. Frye, 566 U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012)).

## III. DISCUSSION

### A.  Ineffective assistance of counsel?

Kindrick argues that his counsel was ineffective because he was not given his discovery in time to allow him to file a timely §2255 motion. Doc. 1 at p. 4. The United States, however, argues the defendant's claim is invalid because he filed a timely §2255 motion. Doc. 5 at p. 10. In this case, Kindrick's judgment on appeal was issued on October 21, 2011. Pursuant to the Supreme Court Rules, Kindrick had 90 days to appeal the Court of Appeals decision by filing a petition for a writ of certiorari. Therefore, the deadline to appeal the judgment and/or the date the judgment would be finalized would have been January 19, 2012. As a result, under §2255(f)(1) the 1-year statute of limitations on Kindrick's case would have ended on January 18, 2013. Kindrick's §2255 motion was mailed on December 26, 2012 and filed with the court on December 31, 2012 prior to the January 18, 2013 deadline and within the 1-year statute of limitations. Doc. 1 at pp. 12-13. Under the given facts it does not appear that Kindrick's motion was untimely because the motion was mailed and filed with the court before the 1-year statute of limitations, which would have ended on January 18, 2013.

2

The timely filing indicates that counsel's conduct did not fall below what was objectively reasonable and Kindrick has not provided any facts to suggest that he had been prejudiced by counsel's conduct. Kindrick's ineffective assistance of counsel claim fails because his motion was timely and the facts do not support that counsel's actions fell below what is objectively reasonable or that he was prejudiced in his ability to file his §2255 motion.

> **B. Did the government fail to show a jurisdictional nexus between Kindrick's actions and a facility of interstate commerce when he admitted that he knowingly possessed child pornography that was produced outside of Missouri on his cell phone?**

The statute that Kindrick plead guilty to states:

> "Any person who either knowingly possesses…1 or more…films, video, tapes or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if— (I) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished in subsection (b) of this section." 10 U.S.C §2252(a)(4)(B).

The statute offers three bases for charging possession of child pornography. In United States v. Birts the court held that when a statute is worded in the disjunctive, then the district court may instruct the jury in the disjunctive form used in the statute because proof of any one of the violations charged will sustain a conviction. United States v. Birts, 170 Fed.Appx. 1001, 1001 (8th Cir. 2006), cert. denied, 549 U.S. 1266, 127 S.Ct. 1483, 167 L.Ed.2d 231(2007). With respect to technology the courts have held that telephones are instrumentalities of interstate commerce regardless of whether it is used for interstate or intrastate purposes. United States v. R.J.S., Jr., 366 F.3d 960, 961 (8th Cir.), cert.denied, 543 U.S. 909 (2004). Additionally, the court has held that cell phones meet the definition of a "computer," whether or not it uses the Internet. United States v. Kramer, 631 F.3d 900, 902-903 (8th Cir.), cert. denied, 131 S.Ct. 2977, 180 L.Ed.2d 258 (2011). Kindrick argues that the government did not meet their burden because they failed to show that "the visual depictions contained material which had been transported in interstate or foreign commerce by any means including by computer."

3

Doc. 1 at p. 5. Kindrick admitted to the following in his probation interview and plea agreement:

- He knowingly possessed images of child pornography on his cell phone and that he "just forgot to erase them" (Plea Agrmt. at p. 2; Doc. 5 at p. 12.);

- He knew that the child pornography images had been produced outside of the state of Missouri (Plea Agrmt. at p.3; Doc. 5 at p. 12.); and

- That his Motorola Net 10 black flip phone cellular phone was manufactured outside the state of Missouri. (Plea Agrmt. at p. 3; PSR at p. 5; Doc. 5 at p.12.).

The facts indicate that the jurisdictional nexus was satisfied when Kindrick knowingly possessed images of child pornography that were produced outside of the state of Missouri on his cell phone. His cell phone is an item that (a) is deemed to be an instrumentally of interstate commerce, (b) is deemed to be a computer by law, and (c) was manufactured outside the state of Missouri. Kindrick's admissions satisfy not just one of the jurisdictional prongs as required by the statute, but all three of the jurisdictional prongs because the facts indicate that Kindrick knowingly possessed 1 or more images, "visual depictions," in Missouri involving a minor engaged in sexually explicit conduct on his cell phone. The images on the cell phone had been (1) transported using a cell phone, which is a means or facility of interstate or foreign commerce, (2) transported into Missouri via a cell phone and; (3) were produced using a cell phone that has been transported in interstate or foreign commerce by any means including a "computer." The Court finds that more than one jurisdictional nexus between Kindrick's conduct and a facility of interstate commerce is satisfied, therefore the claim fails.

### C. Was the government required to link the images found on the defendant's cell phone to the Internet?

Kindrick argues that his sentence is improper because the government did not offer proof about how the images were downloaded from the Internet or how the images came to be on his cell phone when the cell phone did not have Internet access. Doc. 1 at p. 6. The government asserts that the proclaimed linkage is not required by the statute, therefore making the claim invalid. Doc. 5 at p. 13. The language of 10 U.S.C §2252(a)(4)(B), the statute Kindrick pled guilty to, is stated above in Section B. 10

U.S.C §2252(a)(4)(B) does not make any reference to the Internet nor does it require that there be evidence regarding the connection between the conduct and the Internet. Rather, the statute only requires that there be a linkage between the "visual depictions" and either (a) their transportation by either a means or facility of interstate commerce, or (b) transportation in interstate commerce, or (c) production by a means transported in interstate commerce. The Court finds that the claim fails because the statute does not require the government to link the images found on Kindrick's cell phone to the Internet.

### D. Did the court improperly use information from the Missouri Department of Social Services records to enhance sentencing?

Kindrick argues that the sentencing court improperly considered information that was included in the Missouri Department of Social Services records to enhance his sentence. In determining sentencing the district court has a wide level of discretion as to the information and sources considered. U.S. v. Atkins, 250 F.3d 1203, 1212 (8th Cir. 2001). The Eighth Circuit has held that a district court has wide discretion as to the kind of information considered or its source at sentencing, and the court may consider criminal activity for which the defendant has not been prosecuted and hearsay, provided the defendant is given the opportunity to rebut or explain it. United States v. Atkins, at 1212-1213. The main vehicle used to evaluate the facts, the defendant's characteristics and sentencing is the Presentence Investigation Report (PSR). U.S. v. Palmer, 278 Fed.Appx. 702, 704 (8th Cir. 2008). A PSR may be accepted as true by the sentencing court unless the defendant objects to specific allegations. U.S. v. Wintermute, 443 F.3d 993, 1005 (8th Cir. 2006).

### I. May the records from the Missouri Department of Social Services be used to assess Kindrick's "pattern of activity" and §3553(a) factors to determine sentencing?

Kindrick argues that the sentencing court improperly considered information in the Presentence Investigation Report (PSR) from the Missouri Department of Social Services to determine sentencing. 18 U.S.C. § 3661, states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." U.S. v. Palmer, at 704. Furthermore, the district court is required to consider the sentencing factors set forth by

18 U.S.C. § 3553(a), which includes "the history and characteristics of the defendant." U.S. v. Palmer, at 704; 18 U.S.C. § 3553(a)(1). U.S.S.G. §2G2.2(b)(5) requires an enhancement only if the defendant "engaged in a pattern of activity involving sexual abuse or sexual exploitation of a minor." U.S.S.G. §2G2.2(b)(5). "Pattern of activity" is defined as:

> "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. §2G2.2(b)(5), Note 1.

Additionally, the guideline notes that when subsection (b)(5) is applied "[a] conviction taken into account under subsection (b)(5) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)." U.S.S.G. §2G2.2(b)(5), Note 3.

Kindrick's pattern of activity was established in the PSR by citing to responses given to a polygraph test, on February 19, 2009, where Kindrick was asked questions related to his past sexual contacts. PSR at p. 8. During the test Kindrick reported more than two instances of past sexual contact, specifically he had contact with a four year-old male, three different five year-old females, a six year-old male, four 14-year-old males, and eight year-old female during the time he was 5 to 14 years of age. Id. The PSR notes that these sexual contacts are confirmed in Jackson County Children's Division records. Id. The wide discretion of the court allows for the consideration of the facts listed in the PSR as true. Accordingly, the court may find that Kindrick has a pattern of activity involving sexual abuse or exploitation of a minor because he has had two or more separate instances of sexual abuse or exploitation. Likewise, the inclusion of the information in the criminal history section of the PSR is proper pursuant to the sentencing guidelines. The Court finds that Kindrick's sentence was properly enhanced because the sentencing court properly applied the "pattern of activity" standard and considered all of the §3553(a) factors and criminal history to determine the appropriate sentence.

### ii. Did the sentencing court improperly rely upon information barred by Shepard when determining sentencing?

6

The court in Shepard v. United States looked at what documents a sentencing court could rely upon to determine whether a prior conviction qualified as a "violent felony," within the Armed Career Criminal Act (ACCA), allowing for an enhancement of sentencing.  The court held that when there is a guilty plea the court is limited to looking at the terms of the charging document, terms of the plea agreement or transcript of colloquy between the judge and defendant in a factual basis to confirm whether the crime meets the proper elements to enhance a sentence under the ACCA. Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263,161 L.Ed.2d 205 (2005).  In United States v. Webster, 636 F.3d 916 (8th Cir.2011), the Eighth Circuit described the holding of Shepard as:

> Shepard's limitation of evidence "to examining the statutory definition, charging document,  written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" is addressed only to those situations where "a later court [is] determining the character of the prior conviction."

Id. at 919 (quoting Shepard 544 U.S. at 16,125 S.Ct.1254,161 L.Ed.2d 205). U.S.S.G. §2G2.2(b)(5) requires an enhancement if the defendant "engaged in a pattern of activity involving sexual abuse or sexual exploitation of a minor."  "Pattern of activity" is outlined above in Section D(I).

Kindrick asserts that the information included in the PSR regarding his juvenile criminal history should not have been included because doing so violates Shepard. Doc. 1 at p.8. The Government does not believe that Shepard applies because the opinion does not discuss what records a sentencing court can consider and rely upon to support a guideline sentence.  Doc. 5 at p.15.  In order for Shepard to apply in this case, the enhancement would have to arise out of the ACCA or a similar statue and the enhancement would have to involve determining the character of a prior conviction by looking at whether a prior pleaded offense meets the same elements of an offense that would be considered for enhancement purposes under the statute.  In evaluating

7

Shepard and the facts of this case, it is evident that Shepard does not apply to Kindrick because unlike in Shepard where the enhancement arises out of the ACCA, the challenged enhancement in Kindrick's sentencing arises out of the USSC Guidelines. Furthermore, the court is not trying to determine the character of a prior conviction, but rather the defendant's "pattern of activity." Unlike Shepard the language of the guideline does not require that the elements of the pleaded or past behavior meet the same elements; other than that the offenses have to generally involve the sexual abuse or exploitation of a minor. More importantly, the guideline does not require that the defendant be convicted of the offense in order for the information to be considered as the defendant's "pattern of activity." Shepard does not apply in this case because Kindrick's sentencing enhancement does not arise out of the ACCA or a similar statute, but rather arises out of the sentencing guidelines which sets a different standard since U.S.S.G. §2G2.2(b)(5) only requires that there be information indicating that the defendant has a combination of two or more instances of sexual abuse or exploitation which may be unrelated or not a prior conviction. The Court finds that Shepard does not apply because U.S.S.G. §2G2.2(b)(5) has a different standard than Shepard regarding what information can be considered in determining sentencing.

**E. Is the Motion Barred by the Waiver Contained in the Plea Agreement?**

Paragraph 15 of the plea agreement states:

> "the defendant expressly waives his right to appeal his sentence his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." Plea Agrmt. p. 12.

In this case, Kindrick was sentenced to 240 months, the statutory maximum for his offense. Doc. 54 at p. 2. In this appeal he claimed (1) ineffective counsel because counsel did not turn over discovery in time to file a timely §2255 motion and (2) illegal sentence because the court considered information to enhance sentencing that should have been limited by Shepard. Doc. 1 at pp. 4-8. As mentioned above in section A, Kindrick's §2255 motion was timely, therefore, there is no evidence to suggest that counsel's conduct was unreasonable or that it prejudiced the defendant. Additionally, Kindrick's sentence was not imposed in excess as he was sentenced to the statutory maximum. Kindrick's sentencing claims do not suggest that his sentence was illegal, but rather that the court abused its discretion. The claims raised by the Kindrick are therefore barred from appeal, since he waived his ability to appeal sentencing errors by agreeing to plead guilty. This is further supported by the appellate court's decision to dismiss his previous appeal based on the appeal waiver in the plea agreement. Doc. 5 at p. 4. The Court finds that Kindrick's claims are insufficient and are barred by waiver.

## V. JUDGMENT

The Court has reviewed movant's motion and memorandum in support (Doc. No. 1), respondent's opposition (Doc. No. 5), and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated above. In particular, the Court finds that the documents relied upon when determining sentencing were not in violation of Shepard because the sentence enhancement was properly considered under the standards set forth in U.S.S.G. §2G2.2(b)(5) and the §3553 factors.

Therefore, movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed December 31, 2012, is hereby **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for a certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

IT IS SO ORDERED.

Date: July 11, 2013                       **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                                  Chief United States District Judge